PER CURIAM.
 

 The Florida Bar’s Juvenile Court Rules Committee (Committee) has filed a fast-track report of proposed amendments to the Florida Rules of Juvenile Procedure that conform the rules and forms to recent legislation. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
 

 
 *10
 
 The Committee proposes new rule 8.292 (Appointment and Discharge of Surrogate Parent); new forms 8.958 (Order Appointing Surrogate Parent) and 8.961(a) (Order Authorizing Access to Child’s Medical and Educational Records); and amendments to rule 8.305 (Shelter Hearing, Petition, and Order) and existing form 8.961 (Shelter Order). The proposals are in response to recent amendments to sections 39.0016 and 39.402, Florida Statutes, which went into effect July 1, 2009.
 
 See
 
 ch. 2009-35, §§ 1, 3, 8, Laws of Fla. (amending § 39.0016(3), Fla. Stat.; creating §§ 39.402(ll)(b)-(ll)(d), Fla. Stat.; providing effective date); ch. 2009-43, § 7, 18, Laws of Fla. (adding § 39.402(8)(h), Fla. Stat.; providing effective date). The Florida Bar Board of Governors unanimously approved the proposals.
 

 After considering the Committee’s proposals and reviewing the relevant legislation, we adopt the amendments as proposed by the Committee. New rule 8.292 (Appointment and Discharge of Surrogate Parent), which implements amendments to section 39.0016(3), Florida Statutes, creates a procedure for appointment and discharge of a surrogate parent for a dependent child with educational disabilities. New form 8.958 (Order Appointing Surrogate Parent) provides an order for the court’s use in appointing a surrogate parent.
 

 The amendments to rule 8.305 (Shelter Hearing, Petition, and Order) implement newly created sections 39.402(ll)(b), (ll)(c), and (ll)(d), Florida Statutes, by adding to the list of the court’s responsibilities at the shelter hearing. New subdivision (b)(ll) requires the court to request that parents provide access to a child’s medical and educational records when the child is being placed in shelter and in certain circumstances to issue an order granting access to the records. Under new subdivision (b)(12), the court may order the parents to provide medical information to those granted access. New subdivision (b)(13) requires the court to appoint a surrogate parent or refer the child for such appointment, if the child has a disability. New form 8.961(a) (Order Authorizing Access to Child’s Medical and Educational Records), provides a form order authorizing the release of a child’s medical and educational records.
 

 The amendments to form 8.961 (Shelter Order) track newly added section 39.402(8)(h)8., Florida Statutes. The form order is amended to add provisions notifying relatives providing out-of-home care for children of their rights under the statute.
 

 Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is underscored, and deleted language is struck through. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.
 
 [1]
 

 It is so ordered.
 

 
 *11
 
 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 8.292. APPOINTMENT AND DISCHARGE OF SURROGATE PARENT
 

 (a) Appointment. Unless appointed by the district school superintendent, the court must appoint a surrogate parent for a child known to the department who has or is suspected of having a disability when
 

 (1) after reasonable efforts, no parent can be located; or
 

 (2) a court of competent .jurisdiction over a child under Chapter 39, Florida Statutes, has determined that no person has the authority under the Individuals with Disabilities Education Act, including; the parent or parents subject to the dependency action, or no person has the authority, willingness, or ability to serve as the educational decision maker for the child without judicial action.
 

 (b) Who May Be Appointed. The surrogate parent must meet the minimum criteria established by law.
 

 (c) Recognition of Surrogate Parent. The dependency court and school district must recognize the initial individual appointed as surrogate parent.
 

 (d) Duties and Responsibilities. The surrogate parent must be acquainted with the child and become knowledgeable about the child’s disability and educational needs and
 

 (1) must represent the child in all matters relating to identification, evaluation, and educational placement and the provision of a free and appropriate education to the child;
 

 (2) must represent the interests and safeguard the rights of the child in educational decisions that affect the child, and enjoy all the procedural safeguards afforded a parent regarding the identification, evaluation, and educational placement of a student with a disability or a student who is suspected of having a disability; and
 

 (3) does not have the authority to represent the interests of the child regarding the child’s care, maintenance, custody, residential placement, or any other area not specifically related to the education of the child, unless the same person is appointed by the court for these other purposes.
 

 (e) Notice of Appointment. When the court appoints a surrogate parent, notice must be provided as soon as practicable to the child’s school.
 

 (f) Substitution or Discharge. The court may, through a determination of the best interest of the child or as otherwise established by law, find that it is appropriate to substitute or discharge the surrogate parent. The surrogate parent must continue in the appointed role until discharged.
 

 RULE 8.305. SHELTER PETITION, HEARING, AND ORDER
 

 (a) [No Change]
 

 (b) Shelter Hearing.
 

 (I)-(10) [No change]
 

 (II) The court must request that the parents consent to provide access to the child’s medical and educational records and provide information to the court, the department, or its contract agencies, and any guardian ad litem or attorney for the child. If a parent is unavailable, is unable
 
 *12
 
 to consent, or withholds consent and the court determines access to the records and information is necessary to provide services for the child, the court shall issue an order granting access.
 

 (12) The court may order the parents to provide all known medical information to the department and to any others granted access.
 

 (13) If the child has or is suspected of having a disability and the parent is unavailable pursuant to law, the court must appoint a surrogate parent or refer the child to the district school superintendent for appointment of a surrogate parent.
 

 (14)(14) If the shelter hearing is conducted by a judge other than a judge assigned to hear dependency cases, a judge assigned to hear dependency cases shall hold a shelter review on the status of the child within 2 working days after the shelter hearing.
 

 (c)-(d) [No Change]
 

 FORM 8.958. ORDER APPOINTING SURROGATE PARENT
 

 ORDER APPOINTING SURROGATE PARENT FOR DEPENDENT CHILD WHO HAS OR IS SUSPECTED OF HAVING A DISABILITY
 

 The court finds that:
 

 1. The child has, or is suspected of having, a disability as defined in the Individuals with Disabilities in Education Act (“IDEA”) and F.S. 1008.01(3).
 

 2. A surrogate parent is needed to act in the place of a parent in educational decision-making and in safeguarding the child’s rights under the IDEA.
 

 3. The child is entitled, under the Individuals with Disabilities in Education Act CO ( — l cn s to a
 
 m
 
 o (M 1 — 1 a
 
 >
 
 C.F.R. §§ 300.515 and 303.406; F.S. 39.0016(3)-(4), 39.4085(17); and Fla. Admin. Code 6A-6.0333, to the assistance of a surrogate parent because (check all that apply):
 

 .... Parental rights have been terminated
 

 .... Parents cannot be located
 

 .... No parent is available to make education decisions related to the child’s disability
 

 .... Foster parent is unwilling or unable to make educational decisions related to the child’s disability
 

 .... Relative or non-relative caregiver is unwilling or unable to make educational decisions related to the child’s disability
 

 .... Child resides in a group home or therapeutic foster home
 

 ..., Other: .
 

 ACCORDINGLY, it is ORDERED that:
 

 1.(Name).... is appointed as a surrogate parent for .... (child’s name).
 

 2, The surrogate parent named above has the following rights, duties, and
 
 responsibilities:
 

 a. to request or respond to requests for evaluations of the child;
 

 b. to review and keep confidential the child’s educational records;
 

 c. to request and participate in school meetings including Individual Education Plan (IEP) meetings;
 

 d. to express approval or disapproval of a child’s educational placement or IEP;
 

 f. to monitor the child’s educational development;
 

 needed educational services; g. to help the child access available and
 

 
 *13
 
 h. to aid the child in securing all rights provided the child under the IDEA;
 

 i. to meet the child face-to-face
 

 ,j. to be afforded all of the due process rights parents hold under the IDEA
 

 3.The surrogate parent may also do the following: (check all that apply)
 

 .... attend appropriate court hearings to address the educational needs of the child. The surrogate parent will be provided notice of all dependency court hearings.
 

 .... attend dependency staffings. The community-based care provider will invite the surrogate parent to all permanency staffings and any other staff-ings when the child’s educational needs will be addressed. See F.A.C. 65C-28.006.
 

 [[Image here]]
 

 [[Image here]]
 

 4. As to issues affecting the provision of a Free Appropriate Public Education, principals, teachers, administrators, and other employees of the.County Public Schools shall communicate with the surrogate parent and accept the requests or decisions of the surrogate parent in the same manner as if he or she were the child’s parent.
 

 5. Unless the court explicitly orders otherwise, the surrogate parent does not have the right and responsibility to register the child in school, and grant or withhold consent for ordinary school decisions not related to IDEA (such as field trips, sports and club activities, medical care, etc.).
 

 6. The surrogate parent must have access to and keep confidential the child’s records including, but not limited to, records from the school system, community-based care provider or agency, and any mental health or medical evaluations or assessments.
 

 7.By law, the surrogate parent has no liability for actions taken in good faith on behalf of the child in protecting the special education rights of the child.
 

 ORDERED on .,,, (date)...., in ., . County, Florida.
 

 [[Image here]]
 

 Circuit Judge
 

 Copies to:
 

 County Public Schools c/o Director, Exceptional Student Education,
 

 Surrogate parent named above
 

 (Check all that apply)
 

 .... Attorney for DCF; .... (name)
 

 .... DCF caseworker: .... (name)....
 

 .... Guardian ad Litem: (name)
 

 ...._Attorney_for_mother:
 

 .... (name)....
 

 -Attorney for father: (name)
 

 -Attorney for child: (name)
 

 .... Child named above .... (name)....
 

 .... Foster parent: .... (name)
 

 .... Relative caregiver: .... (name)
 

 .... Child’s principal: .... (name).... at
 

 .School
 

 .... Other: .
 

 .... Other: .
 

 FORM 8.961. SHELTER ORDER
 

 ORDER FOR PLACEMENT IN SHELTER
 

 THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by .... (petitioner’s name)...., on .... (date).... The following persons appeared before the court:
 

 
 *14
 
 .... Petitioner.
 

 .... Petitioner’s attorney.
 

 _Mother.
 

 _Father(s).
 

 .... Legal custodian(s).
 

 .... Guardian ad litem.
 

 .... GAL attorney.
 

 .... Other: .
 

 and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:
 

 1. The minor child(ren), ., was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.
 

 2. PLACEMENT IN SHELTER.
 

 .... The minor child(ren) was/were placed in shelter on .... (date).... at . a.m./p.m. by .... (name)...., a duly authorized agent of the department.
 

 .... The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.
 

 3. PARENTS/CUSTODIANS. The parents/custodians of the minor children) are:
 

 Name Address
 

 Mother: . .
 

 Father of.(child’s name).:
 

 [[Image here]]
 

 Other: .(relationship and to which child).
 

 [[Image here]]
 

 4. INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS. The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate .... (name(s))...., a parent or legal custodian of the minor children).
 

 5. NOTIFICATION. Each parent/legal custodian not listed in # 4 above was:
 

 .... duly notified that the ehild(ren) was/ were taken into custody;
 

 .... duly notified to be present at this hearing;
 

 .... served with a statement setting forth a summary of procedures involved in dependency cases;
 

 .... advised of their right to counsel; and
 

 .... was represented by counsel, .... (name)....
 

 .... knowingly, voluntarily, and intelligently waived the right; or
 

 .... the court declined to accept the waiver because.
 

 .... requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.
 

 .... requested appointment of counsel and counsel was appointed.
 

 6. PROBABLE CAUSE.
 

 .... Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the child(ren) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.
 

 .... A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the continuation of this hearing: .... (information to be provided).This hearing is continued for 72 hours, until .... (date and time).The children will remain in shelter care.
 

 7. NEED FOR PLACEMENT. Placement of the children) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and
 
 *15
 
 immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the children) as shown by the following facts:
 

 .... the children) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically:
 

 [[Image here]]
 

 .... the custodian has materially violated a condition of placement imposed by the court, specifically: .
 

 .... the childfren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically: .
 

 8. REASONABLE EFFORTS.
 

 .... Reasonable efforts to prevent or eliminate the need for removing the childfren) from the home have been made by the department, which provided the following services to the family: .
 

 .... The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home
 

 [[Image here]]
 

 .... The date these services are expected to be available is.
 

 .... The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:
 

 .... The first contact with the department occurred during an emergency.
 

 .... The appraisal of the home situation by the department indicates a substantial and immediate danger to the childfren) which cannot be mitigated by the provision of preventive services.
 

 . The childfren) cannot safely remain at home because no services exist that can ensure the safety of the childfren). Services are not available because
 

 [[Image here]]
 

 .... Even with appropriate services, the child(ren)’s safety cannot be ensured.
 

 9. RELATIVE PLACEMENT.
 

 .... The court asked any parents present whether the parents have relatives that might be considered as a placement for the childfren)
 

 .... The court advised any parents present that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.
 

 .... By this order, the court notifies the relatives who are providing out-of-home care for the childfren) of the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the childfren), if they so desire.
 

 It is, therefore, ORDERED AND ADJUDGED, as follows:
 

 1. The childfren) shall remain/be placed in the shelter custody of:
 

 .... the department, with the department having the discretion to shelter the childfren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.
 

 .... Other: .
 

 2. The childfren) .... may .... may not be returned to the parent/custodian without further order of this court.
 

 3. The Guardian Ad Litem Program is appointed.
 

 4. The parents, within 28 days of the date of this order, shall provide to the
 
 *16
 
 department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.
 

 5. The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above ehild(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.
 

 6. Visitation with the child(ren) shall be as follows: .
 

 7. The parents shall provide to the court and all parties identification and location information regarding potential relative placements.
 

 8. The relatives who are providing out-of-home care for the child(ren) have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.
 

 89. IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN, THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)’S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.
 

 910. Special conditions:........
 

 4011. This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).
 

 4412. If a Petition for Dependency is subsequently filed in this cause, the Arraignment Hearing is scheduled for ....(date)...., at . a.m./p.m. at .... (location of arraignment).The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.
 

 ORDERED in . County, Florida on .(date)...., at .... a.m./p.m.
 

 [[Image here]]
 

 Circuit Judge
 

 FORM 8.961(a). ORDER AUTHORIZING ACCESS TO CHILD’S MEDICAL AND EDUCATIONAL RECORDS
 

 ORDER AUTHORIZING ACCESS TO CHILD’S MEDICAL AND EDUCATIONAL RECORDS
 

 THIS CAUSE came on to be heard under sec. 39.402, Florida Statutes, concerning access to the medical and educational records of., a child.
 

 The Court finds:
 

 A. As to medical records and information:
 

 ....,.mother/father of ., the child, consents to the entry of this order, and to the court’s providing access to the child’s medical records to the department, its contract agencies, and any guardian ad litem and attorney for the child, and to provide the child’s medical information to the court.
 

 .... No parent or legal guardian of the child is available or able to consent to the entry of this order, or the parents withhold consent to providing access
 
 *17
 
 to the child’s medical records and/or to providing the requested medical information.
 

 .... Access to the child’s medical records and information is necessary to provide services to the child.
 

 B. As to educational records and information:
 

 ....,_mother/father_of ., the child, consents to the entry of this order, and to the court’s providing access to the child’s educational records to the department, its contract agencies, and any guardian ad litem and attorney for the child, and to provide the child’s educational information to the court.
 

 .... No parent or legal guardian of the child is available or able to consent to the entry of this order, or the parents withhold consent to providing access to the child’s educational records and/or to providing the requested educational information.
 

 .... Access to the child’s educational records and information is necessary to provide services to the child.
 

 Therefore, it is ORDERED:
 

 The department, .... (name of CBC)., its contract agencies, .(name)...., guardian ad litem, and .... (name)., attorney for child, are authorized to access .... (child’s name)....’s medical and educational records and information, until further order of this court.
 

 .... This order does not address the child’s privacy rights to any of these records or information that may exist under Florida law. The child may assert to this court any objection under privacy rights to the release of this information.
 

 [[Image here]]
 

 ORDERED on .... (date)...., in ., . County, Florida.
 

 Circuit Judge
 

 Copies to:
 

 (Check all that apply)
 

 .... Attorney for DCF: .... (name)
 

 .... Caseworker: .... (name)
 

 .... Guardian ad Litem: _(name)....
 

 ■..._Attorney_for_mother:
 

 .... (name)....
 

 .... Attorney for father: .... (name)
 

 .... Attorney ad litem for child:
 

 .... (name)....
 

 .... Child named above .... (name)
 

 .... Other: .
 

 .... Other: .
 

 [1]
 

 . An original and nine paper copies of all comments must be filed with the Court on or before November 30, 2009, with a certificate of service verifying that a copy has been served on the committee chair, Charles H. Davis, State Attorney's Office, 4th Circuit, Jacksonville, Florida 32202-3429, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until December 21, 2009, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order
 
 In re Mandatory Submis
 
 
 *11
 

 sion of Electronic Copies of Documents,
 
 Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).